IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GREGORY TYRONE DOTSON,    )
#339695,                  )
                          )
        Plaintiff,        )
                          )
v.                        )    NO. 3:23-cv-00881
                          )
SHAWN PHILLIPS, Warden, et al.,    )    JUDGE RICHARDSON
                          )
        Defendants.       )

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by

Plaintiff Gregory Dotson, a state inmate incarcerated at the Bledsoe County Correctional Complex

(BCCX) in Pikeville, Tennessee.

Plaintiff has filed an application for leave to proceed in forma pauperis (IFP) in lieu of

prepaying the $402 filing fee. (Doc. No. 2.) Under 28 U.S.C. § 1915, prisoners bringing civil

lawsuits or appeals are "required to pay the full amount of a filing fee," but that payment may be

made in installments over time via an assessment against the prisoner's inmate trust account, rather

than in a lump sum at the time of filing, if the prisoner is granted pauper status. 28 U.S.C.

§ 1915(b)(1)–(2). However, pauper status cannot be granted to a prisoner who has, "on 3 or more

prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury." *Id.* § 1915(g). Plaintiff is subject to this "three strikes" provision of the

IFP statute because, on three previous occasions while incarcerated, he filed civil actions in this

court that were dismissed for failure to state a claim. *See Dotson v. State of Tenn., et al.*, No. 3:14-cv-02172, Doc. Nos. 3–5 (M.D. Tenn. Nov. 25, 2014) (dismissing complaint at initial screening for failure to state a claim); *Dotson v. State of Tenn., et al.*, No. 3:14-cv-00590, Doc. Nos. 9–11 (M.D. Tenn. Feb. 28, 2014) (same); *Dotson v. Walker, et al.*, No. 3:13-cv-01135, Doc. Nos. 8–10 (M.D. Tenn. Oct. 11, 2013) (same).[1]

In light of these prior dismissals, Plaintiff may proceed as a pauper only under § 1915(g)'s exception for prisoners in "imminent danger of serious physical injury." To fall within this statutory exception, Plaintiff must establish that, at the time the Complaint was filed, he faced a "real and proximate" threat of serious physical injury. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, *e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). This standard requires Plaintiff to "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that such danger existed. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

The Complaint claims that Plaintiff's due process rights were violated when his punishment for a disciplinary offense committed in Davidson County jail factored into his housing

---

[1] Two of these actions were dismissed on grounds that the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), rendered their claims noncognizable. Although "[n]ot all Courts of Appeals accept th[e] view" that a dismissal based on *Heck* is for failure to state a claim, *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 n.2 (2020), the Sixth Circuit has stated that a Section 1983 action that is noncognizable under *Heck* "would necessarily [be] dismissed for failure to state a claim," *Harrison v. Michigan*, 722 F.3d 768, 773 (6th Cir. 2013); *see also Scheib v. Grand Rapids Sheriff's Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001), or would be properly characterized as frivolous. *Carter v. State*, No. 18-1348, 2018 WL 7890770, at *1 (6th Cir. Dec. 10, 2018). Accordingly, such dismissals are counted as strikes in this circuit. *See Bowman v. Hankins*, No. 3:15-CV-287-PLR-HBG, 2015 WL 5687575, at *4 (E.D. Tenn. Sept. 25, 2015) (citing *Scheib* and finding that *Heck* dismissal counts as strike); *Green v. Cox*, No. 1:08-CV-432, 2008 WL 4136145, at *1–2 (W.D. Mich. Sept. 3, 2008) (finding that *Heck* required dismissal of § 1983 complaint for failure to state a claim, and that dismissal counts as strike).

2

classification upon arrival to BCCX on March 10, 2023. (*See* Doc. No. 1 at 4–7.) Plaintiff seeks to be released from restrictive housing at BCCX—where he cannot participate in prison programs or employment and is isolated 23 hours per day—and to have his housing classification reevaluated without consideration of "the incident [at] the [Davidson] [C]ounty jail." (*Id.* at 6–7.) Although he alleges that his "23 and one restrictive housing" has caused mental and emotional suffering that requires treatment with medication (*id.*), Plaintiff does not allege that this suffering manifested physically or that he was in any physical danger at the time he filed the Complaint, much less "imminent danger of serious physical injury" for purposes of § 1915(g)'s exception. *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (finding that exception "requires the inmate to connect the injury to concrete manifestations in the body as opposed to a purely emotional or psychological harm," and noting that while "[i]t's true that '[p]hysical problems can cause psychological ones, and the reverse, . . . the statute supposes that it is possible to distinguish them'") (quoting *Sanders v. Melvin*, 873 F.3d 957, 959 (7th Cir. 2017)).

The Court therefore finds that § 1915(g) precludes the granting of pauper status in this case. Plaintiff must prepay the full filing fee if this action is to proceed. His IFP application (Doc. No. 2) is **DENIED**.

Plaintiff **SHALL** remit the full $402 filing fee to the Clerk of Court within **30 DAYS** of the entry of this Order. Payment must be designated for **Case No. 3:23-cv-00881** and must be mailed to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Plaintiff is cautioned that, should he fail to comply with this Order within the time specified (or seek an extension of the deadline before it expires), the full amount of the filing fee will be

assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE